

**ORDERED in the Southern District of Florida on April 24, 2026.**

_Scott M. Grossman_

**Scott M. Grossman, Chief Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

FRANCISCO JAVIER ESPAILLAT,           Case No. 25-20507-SMG

    Debtor.                                            Chapter 13

_____/

### ORDER TRANSFERRING MATTER TO
### THE UNITED STATES DISTRICT COURT FOR TRIAL

This matter came before the Court for a pretrial conference[1] on April 15, 2026, on Debtor Francisco Javier Espaillat's objections to Claim No. 10 filed by Blake Burdeen[2] and Claim No. 11 filed by Jennifer Burdeen.[3] Both claims – Claim No. 10 for $93,883.00 and Claim No. 11 for $206,313.00 – are for bodily injuries and damages

---

[1] Dkt. No. 82.
[2] Dkt. No. 35.
[3] Dkt. No. 37.

resulting from a dog bite. Under Bankruptcy Code section 502(a),[4] a proof of claim is deemed allowed, unless a party in interest objects. When a party objects – as Mr. Espaillat has done here – section 502(b) then requires the court to determine the amount of the claim and allow the claim in such amount, subject to certain specified statutory grounds for disallowance.[5] For the reasons discussed below, however, because these claims are for personal injury torts, this Court cannot hear and determine them, and instead, they must be tried in the District Court.[6]

28 U.S.C. § 1334(b) vests jurisdiction over this civil proceeding in the District Court. As authorized by 28 U.S.C. § 157(a), the District Court has referred all proceedings arising under the Bankruptcy Code or arising in or related to cases under the Bankruptcy Code to the bankruptcy judges for this district.[7] Under 28 U.S.C. § 157(b), where a proceeding has been referred to the Bankruptcy Court, the bankruptcy judge may hear and determine – and may enter appropriate orders and judgments in – all "core proceedings" arising under the Bankruptcy Code.

28 U.S.C. § 157(b)(2) contains a non-exclusive list of core proceedings, which include – with an important exception – the allowance or disallowance of claims against the estate.[8] The exception is that liquidation of a personal injury tort or wrongful death claim against the bankruptcy estate for purposes of determining a

---

[4] 11 U.S.C. § 502(a).
[5] 11 U.S.C. § 502(b).
[6] *See* 28 U.S.C. §§ 157(b)(2)(B), (b)(5).
[7] Dist. Ct. Admin. Order 2024-84 (Nov. 1, 2024); *see also* Dist. Ct. Loc. R. 87.2; *see generally In re Jimenez*, 627 B.R. 536, 540–41 (Bankr. S.D. Fla. 2021) (explaining federal bankruptcy jurisdiction).
[8] *See* 28 U.S.C. § 157(b)(2)(B).

creditor's distribution in the bankruptcy case is not a core proceeding.[9] Section 157(b)(2)(B) states:

> (2) Core proceedings include, but are not limited to—
>
> * * *
>
> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;[10]

An objection to a proof of claim is therefore not a core proceeding to the extent it requires the liquidation or estimation of a contingent or unliquidated personal injury tort claim.[11]

Bankruptcy judges may still hear most non-core proceedings.[12] But rather than enter final orders and judgments, the bankruptcy judge must instead submit proposed findings of fact and conclusions of law to the District Court.[13] If all parties consent, however, then in most cases the bankruptcy judge may hear and determine the non-core proceeding and may enter final orders and judgments.[14] When the non-core proceeding is to liquidate or estimate a contingent or unliquidated personal injury tort claim, however, the bankruptcy judge may not hear and determine the

---

[9] If there were a basis to disallow a personal injury tort claim that did not require liquidating the claim – for example, if it was untimely, *see* Fed. R. Bankr. P. 3002(c), or if it was unenforceable against the debtor as a matter of law, *see* 11 U.S.C. § 502(b)(1) – the claim objection would be a core proceeding that a Bankruptcy Court could hear and determine.

[10] 28 U.S.C. § 157(b)(2)(B).

[11] Under 28 U.S.C. § 157(b)(3), the bankruptcy judge is required, on his own motion or timely motion of a party, to determine whether a proceeding is a core proceeding.

[12] 28 U.S.C. § 157(c)(1).

[13] *Id.*

[14] 28 U.S.C. § 157(c)(2).

matter, even if the parties consent. Rather, 28 U.S.C. § 157(b)(5) requires that the claim be tried in the District Court.

Both claims here are personal injury tort claims for bodily injury and damages stemming from a dog bite. Under 28 U.S.C. § 157(b)(2)(B), liquidation of these claims is a non-core proceeding, which under 28 U.S.C. § 157(b)(5) must be tried in the District Court.

This Court has presided over all pretrial proceedings with respect to these claim objections. Discovery is complete, the parties have filed a joint pretrial stipulation,[15] and the matter is ready for trial. Accordingly, pursuant to 28 U.S.C. § 157(b)(5), it is

**ORDERED** that:

1.    The contested matters initiated by the debtor's objections to Claim No. 10 filed by Blake Burdeen[16] and Claim No. 11 filed by Jennifer Burdeen[17] are **TRANSFERRED** to the United States District Court for the Southern District of Florida for trial to liquidate Claim No. 10 filed by Blake Burdeen and Claim No. 11 filed by Jennifer Burdeen, for purposes of distribution in this bankruptcy case.

2.    The Clerk of the Bankruptcy Court is **DIRECTED** to transmit a copy of this Order to the Clerk of the United States District Court for the Southern District of Florida.

---

[15] Dkt. No. 88.
[16] Dkt. No. 35.
[17] Dkt. No. 37.

4

3.      **Within 14 days after entry of this Order**, Mr. Espaillat must file with the Clerk of the Bankruptcy Court a designation of the items to be included in the record to be transmitted to the District Court. **Within 14 days after Mr. Espaillat files his designation**, the Burdeens must file with the Clerk of the Bankruptcy Court a designation of additional items to be included in the record. After all parties have filed their designations, the Clerk of the Bankruptcy Court is **DIRECTED** to transmit to the District Court all the designated items.

4.      Following liquidation of these claims, the parties must return to this Court for further proceedings consistent with the District Court's determination.

# # #

*Copies furnished to all counsel of record through CM/ECF.*